IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-cv-00328-REB-MEH

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOEL M. ARNOLD, *et al.*,

    Defendants.

---

**ORDER ON MOTION FOR PROTECTIVE ORDER OR TO SEVER
PROCEEDINGS FOR DISCOVERY, SCHEDULING, AND TRIAL**

---

Before the Court is Defendant Walker's Motion for Protective Order or to Sever Proceedings for Discovery, Scheduling, and Trial [Docket #163]. The matter is briefed and has been referred to this Court for resolution [Docket #166]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion for Protective Order and **denies without prejudice** the Motion to Sever the Trial.

**I.    Background**

This lawsuit concerns Plaintiff's allegations that Defendants engaged in two distinct fraudulent schemes to improperly recognize revenue for Qwest Communications International, Inc. The two schemes are known as the Genuity, Inc. transaction and the Arizona School Facilities Board (ASFB) transaction. Defendant Walker is alleged to have been involved in only the latter. He was tried criminally in federal court on such allegation and was acquitted. The ASFB transaction has been the subject of the rigors of the criminal case, while the Genuity transaction has not. Walker has filed an extensive motion for summary judgment, alleging that there is no reasonable dispute of material fact; the only issue to be decided in this case is a legal one based on the issue of scienter.

Defendant Walker moves to stay all discovery pending the district judge's ruling on the

dispositive motion, relying on the Court's broad discretion to control the discovery process so as to best secure the just, speedy, and inexpensive determination of this action. Defendant Walker argues, in essence, that he has been subjected to the best the government has to offer and has established his innocence in the criminal context, and justice demands that he be given the opportunity to test this civil case prior to having to endure the further expense of litigation, strongly suggesting that any discovery in this case would be duplicative of evidence that has previously been produced in other proceedings. In the alternative, Defendant Walker requests that the allegations against him be severed, based in no small part on his allegation that the Plaintiff has unadvisedly misjoined two completely unrelated business transactions in this one lawsuit.

## II. Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A stay of all discovery is generally disfavored in this District. *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). In determining whether a stay is appropriate, the Court distinguishes between a motion to dismiss based on the merits of an action, which rarely justifies a stay, and a motion to dismiss based on either the Court's lack of jurisdiction to hear a matter or a party's inability to sue or be sued (i.e., standing and the defense of immunity).

The Court has read the briefing and certainly believes that justice requires that the Court carefully attend to this case to ensure that prior efforts are not duplicated, although the Court has no

belief that unnecessary duplication is the Plaintiff's desire or intent. However, discovery in a civil case is obviously quite different than that which occurs in the criminal context. Until it is prevented from doing so by an order of the district judge, the Plaintiff should receive its opportunity to engage in relevant and focused discovery concerning its claims. The Court takes seriously its responsibility to keep costs down pending adjudication of the merits of Plaintiff's claims. Despite Defendant Walker's arguments for a stay of discovery, the Court does not believe that relevant, nonduplicative discovery is inconsistent with the intent of the Federal Rules. The Court believes that the proper remedy will be to closely monitor the discovery proposed by the Plaintiff and be available on short notice to handle any allegation by Defendant Walker that any proposed discovery exceeds the bounds of reasonableness and relevance.

As for any motion to sever, the Court does not believe that severance for discovery purposes is necessary. It may be necessary for trial purposes; however, that determination should await another day. Therefore, although Defendant Walker's motion is denied, it is denied without prejudice as to severance for trial purposes, to be raised, if necessary, at a later date.

**III.    Conclusion**

Accordingly, it is hereby ORDERED that Defendant Walker's Motion for Protective Order or to Sever Proceedings for Discovery, Scheduling, and Trial [Filed May 9, 2008; Docket #163] is **denied in part** and **denied without prejudice in part**, as specified herein.

Dated at Denver, Colorado this 12th day of June, 2008.

                BY THE COURT:

                  s/ Michael E. Hegarty
                Michael E. Hegarty
                United States Magistrate Judge