IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 03-cv-00328-CMA-MEH

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

JOEL M. ARNOLD,
GRANT P. GRAHAM,
DOUGLAS K. HUTCHINS,
JOHN M. WALKER, and
RICHARD L. WESTON,

    Defendants.

**ORDER REGARDING DEFENDANT WALKER'S MOTION TO TRANSFER**

This matter is before the Court on Defendant John M. Walker's Motion to Transfer Related Case (Doc. # 216).[1] For the following reasons, the Motion is DENIED.

## BACKGROUND

The Securities and Exchange Commission ("SEC") filed this civil enforcement action in February 2003. It stems from a federal investigation into the dealings of Qwest Communications International, Inc. ("Qwest"). The SEC alleges that a Qwest business unit used two separate transactions, one involving Genuity, Inc. (the "Genuity Transaction"), and one involving the Arizona School Facilities Board (the "ASFB Transaction"), to improperly recognize revenue in order to defraud investors. According

---

[1] Defendant Joel M. Arnold has joined in Defendant Walker's Motion to Transfer.

to the Complaint, Defendants Arnold and Graham oversaw both transactions. Defendants Walker and Hutchins participated only in the ASFB Transaction and Defendant Weston participated only in the Genuity Transaction.

Judge Weinshienk drew this case first. She immediately ordered that it be reassigned to Judge Blackburn. At the time, Judge Blackburn presided over a criminal proceeding (*United States v. Graham*, Case No. 03-cr-089) against Defendants Graham and Walker that involved their roles in the alleged scheme to defraud Qwest investors. (Doc. # 2.) Thus, Judge Weinshienk thought Judge Blackburn should hear both cases, civil and criminal. About two months after the SEC filed its complaint, Magistrate Judge Schlatter stayed this case pending the outcome of the criminal case. (Doc. # 27.) The criminal matter proceeded to a jury trial and, on April 16, 2004, the jury found in favor of Defendant Walker. However, the stay in this case remained in place until January 2008, when Judge Blackburn granted Defendant Walker's Second Motion to Lift Stay. (Doc. # 97.) With the stay lifted, the parties opened discovery, conducted settlement discussions and certain Defendants filed dispositive motions. In October 2008, the undersigned received this case through random reassignment. (Doc. # 206.)

Defendant Walker now moves to transfer this matter back to Judge Blackburn under the premise that it is related to the foregone criminal proceeding. In requesting transfer, Defendant Walker assumes that Judge Blackburn already has knowledge of the evidence and issues to be decided thanks to Judge Blackburn's involvement in the earlier criminal matter. Defendant Walker argues that Judge Blackburn's history with

Qwest litigation (both civil and criminal) will result in enhanced judicial efficiency and, therefore, Defendant Walker contends that good cause exists to override the random reassignment to the undersigned. The SEC opposes transfer on the grounds that it would not produce any judicial efficiency because the criminal case has long since closed and, even if the facts in this case are similar to the facts in the old criminal matter, the undersigned can make the type of evidentiary rulings necessary for a fair disposition of this case.

## **ANALYSIS**

Both sides rely on D.C.COLO.LCivR 40.1A, which governs assignment of cases in this District. That rule states, in part:

> Except as provided in this rule and in D.C.COLO.LCivR 8.1 and 8.2, civil cases shall be assigned to judicial officers by random draw. Work parity shall be maintained among active district judges, provided that a majority of active district judges . . . may, for good cause, approve special assignment or reassignment of cases among the judicial officers of the court. All other transfers of cases from one judicial officer to another shall be subject to the Chief Judge's approval.

As Local Rule 40.1A makes clear, random assignment (or reassignment) is the starting point. Deviation or transfer is only allowed under Local Rules 8.1 and 8.2 or with good cause and a majority vote of the active district judges or with approval of the Chief Judge. *See Lariviere, Grubman & Payne, LLP v. Phillips*, 2007 WL 3378534, at *1 (D. Colo. November 13, 2007) (noting that transfer under Local Rule 40.1A required the approval and consent of the transferee judge and the Chief Judge). Local Rules 8.1 and 8.2 do not apply here. Thus, Defendant Walker must demonstrate that transfer

should granted by a majority of the active district judges or by approval of the Chief Judge. In this case, the Court finds neither scenario appropriate.

First, Defendant Walker's judicial economy arguments are unconvincing. This matter involves a different burden of proof, a different transaction (this case involves both Qwest transactions, but the Genuity Transaction was not part of the criminal proceeding) and a different group of defendants than the criminal case. Thus, even if Judge Blackburn had just finished with the criminal trial, very little crossover in legal analysis exists between the criminal and civil cases because of the divergent legal and factual frameworks.

Even more detrimental to Defendant Walker's argument is the fact that Judge Blackburn did not just finish the criminal trial, it concluded nearly five years ago, in April 2004. Judge Blackburn no doubt retains at least a few facts and foibles from the criminal trial that might arise again in this matter. However, Judge Blackburn's passing familiarity with the basic facts of the case will not automatically produce a faster, better, more fair conclusion on the pending dispositive motions or allow for a more efficient trial on the merits of this matter, as Defendant Walker contends. The minimal amount of institutional knowledge retained by Judge Blackburn simply would not produce large gains in judicial efficiency. Thus, the economics that Defendant Walker touts in favor of transfer are minimal at best and likely outweighed by administrative issues implicit in another transfer of this matter. Therefore, judicial efficiency does not provide Defendant Walker with good cause to warrant transfer under Local Rule 40.1A.

Second, there is no reason the undersigned cannot hear this case and render a just and fair result.  In fact, the current structure of this District's Local Rules likely mandates that this Court hear the case.  Judge Weinshienk's Order transferring this case to Judge Blackburn pre-dated the current version of Local Rule 40.1A.  Thus, although this matter may originally have been "related" to the criminal matter and subject to transfer at the time, Local Rule 40.1A now governs the transfer requested by Defendant Walker.  And, regardless of Judge Weinsheink's previous Order, Local Rule 40.1A does not permit transfer in this situation because Defendant Walker has not presented good cause to warrant transfer.  Lastly, although Defendant Walker cites to it, Federal Rule 42 is inapplicable in this matter since the other case with which this case might be consolidated is:  (1) a criminal matter not subject to the Federal Rules of Civil Procedure and (2) closed.

## **CONCLUSION**

In short, Defendant Walker has not shown how the interests of justice would be served by transfer to Judge Blackburn.  Moreover, the crumb of judical efficiency that might result from transfer does not amount to good cause.  Therefore, the Court finds no reason to seek approval of the transfer from the other district judges or the Chief Judge.

Accordingly,

The Motion to Transfer (Doc. # 216) is DENIED.

DATED: March __18__, 2009

BY THE COURT:

_Christine M Arguello_
_____
CHRISTINE M. ARGUELLO
United States District Judge